IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOTTE KASSIES,<br><br>        Petitioner,<br><br>v.<br><br>CHILD AND FAMILY SERVICES OF SAN BERNARDINO,<br><br>        Respondent. | Case No. 5:25-cv-00051-VBF (MBK)<br><br>**ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED** |

### *SUMMARY OF ORDER*

On January 8, 2025, Lotte Kassies filed an Application for Expedited Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (Dkt. 1.) Kassies named herself and Chad Pressman, her husband and the father of her children, as Petitioners. (*Id.* at 1.) Kassies alleges numerous constitutional and statutory violations that allegedly occurred during California state proceedings that resulted in the termination of the Petitioners' parental custodial rights to two children, who were placed in the protective custody of the named Respondent, Child and Family Services

1  of San Bernardino ("CFS"). Kassies also alleges that the Petitioners'
2  constitutional rights were violated during criminal actions against them
3  that are still pending in a California state superior court. Kassies
4  requested that the Court issue "an Expedited Writ of Habeas Corpus
5  directing Respondents to produce Petitioner before the Court for a hearing,
6  if necessary," vacate the charges (of child endangerment) against Kassies
7  and her husband, order the immediate release of the children from CFS
8  custody and return them to Kassies, grant a new trial "free of procedural
9  and constitutional defects," or dismiss the charges entirely. (*Id*. at 1.)
10       On March 3, 2025, Kassies filed an Amended Application for
11  Expedited Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Amended
12  Petition"). (Dkt. 5.) She named only herself as the petitioner in this filing.
13  (*Id*. at 1.) The allegations in the Amended Petition are limited to
14  "infractions under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth
15  Amendments to the United States Constitution," violations under 42
16  U.S.C. § 1983 and the Adoption and Safe Families Act (ASFA), and
17  violations of the California Constitution and state law that occurred during
18  the process of removal of Kassies' children from her home. (*Id*. at 1.)
19  Kassies requests that this Court issue "an Expedited Writ of Habeas
20  Corpus directing Respondents to produce Petitioner before the Court for a
21  hearing, if necessary," vacate the state court orders that led to the removal
22  of her children, and order the immediate return of her children to her
23  custody. (*Id*.)
24       Neither the Petition nor the Amended Petition alleges that Kassies is
25  in custody based on a state court judgment, incarcerated as a pretrial
26  detainee, a prisoner awaiting extradition, or a prisoner whose judgment of
27  conviction has been reversed on appeal.
28

For the reasons discussed below, it appears from the Petition and Amended Petition that the Magistrate Judge should recommend to the District Judge that the Court summarily dismiss this action without prejudice based on lack of subject matter jurisdiction and Kassies' inability to represent her husband in this matter. Accordingly, Petitioner is ordered to show cause why the Magistrate Judge should not make that recommendation.

## *LEGAL STANDARD*

If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may summarily dismiss a habeas action. 28 U.S.C. § 2243; *see also* Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

## *DISCUSSION*

**1.  The Court is Without Subject Matter Jurisdiction**

"Federal courts are always under an independent obligation to examine their own jurisdiction, and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam) (internal quotation marks and citation omitted).

The Court lacks subject matter jurisdiction to entertain the Petition or the Amended Petition. Under 28 U.S.C. § 2254, a federal court "shall entertain an application for a writ of habeas corpus ... only on the ground that [the applicant] is in custody in violation of the Constitution or the laws

or treaties of the United States." Because Kassies has not been convicted of any crime, there is no state court judgment over which the Court would have authority to grant relief under Section 2254. *See McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003).

Even had Kassies filed her petition under 28 U.S.C. § 2241, this Court's jurisdiction would still be lacking. A Section 2241 petition may be brought by a state prisoner who is not held pursuant to a state court judgment, such as a pretrial detainee, a prisoner awaiting extradition, or a prisoner whose judgment of conviction has been reversed on appeal. *See McNeely*, 336 F.3d at 824 n.1 (pretrial detainee); *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) (listing "awaiting extradition" and pretrial detention as examples), *overruled in part on other grounds*, *Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010); *see also Watts v. Jaime*, No. CV 21-7281-MCS (AGR), 2022 WL 3648637, at *2 (C.D. Cal. Jul. 11, 2022) ("Because Petitioner is not a federal prisoner, and is not incarcerated as a pretrial detainee, a prisoner awaiting extradition, or a prisoner whose judgment of conviction has been reversed on appeal, he may not bring a § 2241 petition."), *Report and Recommendation Adopted at* 2022 WL 3647259 (C.D. Cal. Aug. 24, 2022). Kassies has not alleged any of the aforementioned circumstances that could confer the Court subject matter jurisdiction under 28 U.S.C. § 2241.

Here, the Petition and Amended Petition allege that CFS has illegally taken two children from Petitioner, effectively depriving her of her constitutional rights. To the extent that Petitioner alleges a habeas claim based on her children's placement with CFS or in foster care, the status of the children does not rise to the level of "custody" required by habeas statutes. *See Lehman v. Lycoming County Children's Services Agency*, 458

U.S. 502, 512-16 (1982) ("extending the federal writ to challenges to state child-custody decisions—challenges based on alleged constitutional defects collateral to the actual custody decision—would be an unprecedented expansion of the jurisdiction of the lower federal courts"); *see also Bell v. Department of Social and Health Services*, 382 Fed. Appx. 669, 670 (9th Cir. 2010) (affirming district court's ruling that it lacked jurisdiction to adjudicate habeas petitioner's challenge to constitutionality of state's termination of his parental rights and placement of his children in foster facilities) (citing *Lehman*); *Cucalon v. Rice*, 317 Fed. Appx. 602, 603 (9th Cir. 2008) ("state court judgments concerning child custody matters are beyond the purview of habeas corpus.") (citing *Lehman*); *see also Dawoud v. Kronstadt*, No. 5:23-cv-2559-SSS-AJR, 2023 WL 8850064, at *1 (C.D. Cal. Dec. 21, 2023) (collecting cases holding that petitioners cannot invoke federal habeas corpus jurisdiction to challenge state parental rights or custody proceedings).

Petitioner has not demonstrated that she or her children are "in custody" that could give rise to a habeas claim. Therefore, the Court lacks subject matter jurisdiction over this habeas action. To the extent that Petitioner seeks to challenge the removal of her children and/or the process that led to the removal of her children, any such claims may be raised in a civil rights complaint pursuant to 42 U.S.C. § 1983.

**2. Kassies Cannot Represent her Husband in Court**

The Petition names Kassies and her husband as Petitioners, but a *pro se* litigant can represent only herself in federal court. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel ...."); *see C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may

5

appear *in propria persona* in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself.") (citation omitted). Nor has Kassies established that she should be permitted to bring this lawsuit as a "next friend" on behalf of Presman. *See Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990) (holding that "a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action"); *Dennis ex rel. Butko v. Budge*, 378 F.3d 880, 888-89 (9th Cir. 2004) (same). Accordingly, even if Pressman could invoke habeas jurisdiction due to his incarceration by California authorities, Petitioners fail to establish that Kassies may bring a habeas action on his behalf.

### *DISPOSITION*

For the foregoing reasons, Kassies is **ORDERED** to show cause why the Magistrate Judge should not recommend to the District Judge that this case be summarily dismissed for lack of subject matter jurisdiction and her inability to represent her husband in this matter. On or before **April 24, 2025**, Kassies shall file a response to this Order. If Kassies fails to timely respond to this Order, the action may be dismissed for failure to obey court orders and/or failure to prosecute.

If Kassies no longer wishes to pursue this action, she may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for convenience.

**IT IS SO ORDERED**.

Dated: 3/27/2025

_____
HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE